HATHORN et al. v. NATURAL CARBONIC GAS CO.

(Supreme Court, Appellate Division, Third Department.    March 9, 1910.)

1. INJUNCTION (§ 225*)—DISOBEDIENCE—MODIFICATION ON APPEAL.
    That the original injunction order was modified on appeal furnishes no excuse for failing to obey it; it being affirmed in essential parts.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 474; Dec. Dig. § 225.*]

2. INJUNCTION (§ 148*)—DISOBEDIENCE—BOND—ESTOPPEL TO ASSERT INVALIDITY.
    Defendant waived any defect in a bond, and is estopped to deny its validity to give force to an injunction order conditioned to become operative on plaintiff presenting an undertaking in a certain sum approved

by a justice of the court; it being for the required amount, and the sure-- ty having been approved by a justice, and defendant not having excepted' to the surety or moved to set aside the undertaking, but recognized it as- sufficient in subsequent proceedings, and not attempted to disregard it till after the order was affirmed on appeal, and having made an express- agreement that it should be the undertaking required by the injunction order.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 334; Dec. Dig. § 148.*]

Smith, P. J., dissenting.

Appeal from Special Term, Saratoga County.

Action by Emily H. Hathorn and another against the Natural Car-- bonic Gas Company. From an order adjudging defendant guilty of contempt of court for violating a temporary injunction restraining it: from the commission or continuance of certain acts declared to be un-- lawful by Laws 1908, c. 429, defendant appeals. Affirmed.

See, also, 60 Misc. Rep. 341, 113 N. Y. Supp. 458; 128 App. Div.. 881, 882, 112 N. Y. Supp. 1131, 1132.

The action was brought to restrain the defendant from pumping or using any artificial contrivance for the purpose of accelerating the natural flow of mineral water or gas from wells made by boring or drilling into the rock upon its premises. The complaint alleged a cause of action at common law and under the statute. The injunction order was granted at a Special Term on the 8th day of August, 1908, and entered in Saratoga county clerk's office September 1, 1908. It restrained the defendant from doing the acts complained of until the hearing and determination of the action, upon the condition that the plaintiffs execute and file with the court an undertaking in the sum of $20.000, with one or more sureties to be approved by this court, or any justice thereof, to the effect that the plaintiffs will pay to the defendant so enjoined such damages, not exceeding the sum of $20,000, as they may sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto. The defendant appealed from the order, and upon its application proceedings on the order were stayed until the argument of the appeal. Upon the argument of the appeal September 18, 1909, the Appellate Division directed that the injunction order "should be and become operative, and that the defendant should in all things obey the terms and provisions thereof, upon condition, however, that the plaintiff present to said court by 6 o'clock an undertaking in the sum of $20,000 approved by said court or a justice thereof in the form and manner provided in such cases." An under- taking, executed by the plaintiffs and the National Surety Company, by Nash Rockwood and James McNutty, as attorneys in fact, and approved by Mr. Justice Kellogg as to form and sufficiency, was filed, and a copy thereof was on the same day served by mail upon the attorneys for the defendant.

The undertaking recited the appeal from the injunction order, the stay, the argument of the appeal, and the direction of the Appellate Division as to the injunction order and the undertaking. It was in the form prescribed by the Code and was for the requisite amount. It did not, however, appear by the certified copy of the resolution of the board of directors of the surety compa- ny, filed with the undertaking, that the attorneys in fact were authorized to execute the bond. The defendant did not except to the surety; neither did it move to set aside the undertaking or to rescind the approval indorsed thereon. It appears by the affidavit of the plaintiffs' attorney that the under- taking was submitted to Edgar T. Bracket, one of the counsel for the defend- ant, for his approval; that he read it carefully, and stated that he had no objections to it; and that it was then presented to the justice, in his presence, and approved without objection. The attorney also avers that it was agreed, between the attorneys for the parties, that the undertaking so filed should be the undertaking required by the injunction order of the Special Term, and

'that the order of the Appellate Division was simply an order that the un-'dertaking required by the order of the Special Term be filed, and that he subsequently procured from the surety company a resolution ratifying and ·confirming the execution of the undertaking in all things. It was undisputed that, after the appeal to the Court of Appeals from the order of the Appel-late Division modifying and affirming the order of the Special Term, a stay ·was granted suspending the operation of the injunction order until the hear-ing and determination of the appeal; that in the affidavit of one of the de-fendant's attorneys, submitted upon that application, it was stated that if ·the injunction order is continued the defendant will be compelled to discharge many of its employés, default on its contracts, and be subjected to suits for ·damages, and that, "unless the defendant can have immediate relief from this injunction pending the hearing and determination of such appeal, it will be irreparably injured." It was also undisputed that the defendant had uni-'formly recognized and acquiesced in the undertaking, acknowledged its force and effect, and accepted it as a compliance with the injunction order and suf-'ficient to make the order effectual.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, :SEWELL, and HOUGHTON, JJ.

Guthrie B. Plante, for appellant.
Nash Rockwood and Charles C. Lester, for respondents.

SEWELL, J. We are of the opinion that the Special Term was ful-'ly justified by the evidence in finding as a matter of fact that the defendant willfully disobeyed the order of the 8th day of August, 1908, in that it did continuously between the 2d and 7th days of April, 1909, ·draw by pumping and by artificial means from numerous wells upon its lands, made by drilling into rock, that class of mineral water hold-ing in solution mineral salts and an excess of carbonic acid gas, and did thereby produce an unnatural flow of natural carbonic acid gas, for the purpose of collecting, liquefying, and vending such gas as a com-·modity. The proof is ample that the defendant has done the very thing which the issuance of the injunction was intended to prevent, and has ·thus defeated the will of the court.

It is too late to say that the injunction order exceeded the office of .an injunction, or that the court erred in granting it, after it has been affirmed in a direct proceeding to review it by the Appellate Division, .and finally by the Court of Appeals. "A party proceeded against for ·disobedience to an order or judgment is never allowed to allege as a ·defense for his misconduct that the court erred in its judgment." People v. Sturtevant, 9 N. Y. 266, 59 Am. Dec. 536. It was a valid ·order, and was entitled to the obedience of the defendant. The fact ·that the original order of the Special Term was modified upon the ap-peal to the Appellate Division is no excuse for failing to obey its com-mands. As was said in People ex rel. Platt v. Rice, 144 N. Y. 262, .39 N. E. 92:

"We think this a frivolous objection. It would lead to the irrational con-·clusion that, because a decision in the form of an order or a judgment had been appealed from and brought into the court for review, it became of no force, if modified in some parts, though affirmed in essential parts. The pow-·er of the court below to enforce its decisions may be suspended, as the result ·of an appeal; but its decision loses none of its strength pending the appeal, .and, if modifications are made of its terms, to the extent that it is sustained, it

is the same order, to the validity and force of which has been added the sanction of this court."

We also think that the court was justified in holding that the undertaking gave force and effect to the injunction. It was executed and filed by the plaintiffs. It was for the required amount, and the surety was approved by one of the justices of this court. But, whether or not it was in strict compliance with the order, it seems clear that the defendant waived any defect, and is estopped from asserting its invalidity, or that it did not comply with the provision of the statute or order under which it was given. Had the defendant intended in good faith to question its sufficiency, it should have excepted to the surety or moved to set the undertaking aside, in which case the plaintiff could have been allowed to amend or file a new undertaking. It did neither. On the contrary, it recognized and acknowledged it as sufficient in subsequent proceedings, and did not attempt to disregard it until after the order under which it was given was affirmed by the Court of Appeals.

There can be but little doubt that these acts of the defendant must be regarded as tantamount to an acceptance of the undertaking as a compliance with the order, and as sufficient to accomplish the purpose for which it was given. If not, we have the evidence of an express agreement that it should be the undertaking required by the injunction order, which is of itself sufficient to estop the defendant from denying that the order was not complied with or that the undertaking was not a valid or proper security.

I think that the decision of the learned justice of Special Term, adjudging the defendant guilty of contempt and directing punishment, should be affirmed, with costs. All concur, except SMITH, P. J., who dissents.